Mark L. Javitch (CA SBN 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*Attorney for Plaintiff*
and those similarly situated

## IN THE UNITED STATES DISTRICT COURT FOR

## THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALEJANDRO VALLESILLO, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>LINDNER & LINDNER, a Pennsylvania Professional Corporation,<br><br>    Defendant. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## **CLASS ACTION COMPLAINT**

1.      Plaintiff ALEJANDRO VALLESILLO ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant LINDNER & LINDNER ("Linder & Lindner", or "Defendant") to stop their illegal practice of making unsolicited telemarketing texts to the cellular telephones of consumers whose phone numbers were registered on the Federal Do Not Call ("DNC") Registry, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

## NATURE OF THE ACTION

2.      Lindner & Lindner, P.C. offers debt consolidation. As a part of their marketing, Defendant placed thousands of text messages to consumers whose phone numbers were registered on the Federal DNC Registry.

3.      Defendant did not obtain express written consent prior to sending these texts, and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4.      Congress enacted the TCPA in 1991 in response to "a torrent of vociferous consumer complaints about intrusive robocalls."

5.      The TCPA instructed the Federal Communications Commission to "prescribe regulations to implement methods and procedures for protecting the privacy rights [of consumers] . . . in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers." 47 U.S.C. § 227(c)(2).

6.      The TCPA explicitly authorized the FCC to establish a "single national database" of telephone numbers belonging those who object to receiving telephone solicitations. *Id*. § 227(c)(3).

7.      By sending texts to people who have registered their phone numbers on the national database, Defendant violated the privacy and statutory rights of Plaintiff and the Class.

8.      Plaintiff therefore seeks an injunction requiring Defendant to stop its unconsented texting, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

2

## PARTIES

9.    Plaintiff ALEJANDRO VALLESILLO is a natural person and is a citizen of Omaha, Nebraska.

10.    Defendant Lindner & Linder, P.C. is a Pennsylvania Professional Corporation.

## JURISDICTION AND VENUE

11.    This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

12.    This Court has specific personal jurisdiction over Defendant because Defendant caused the violating texts to be placed to Plaintiff in this District.

13.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the injury substantially occurred in this District.

## COMMON FACTUAL ALLEGATIONS

14.    Lindner & Lindner, P.C. offers debt consolidation services.

15.    Unfortunately, Defendant failed to obtain consent from Plaintiff and the Class or check the DNC Registry before sending these unsolicited texts.

## FACTS SPECIFIC TO PLAINTIFF

16.    Starting in February 2023, Plaintiff received an unsolicited text message to his personal cell phone, stating "This is Lindner & Lindner, P.C. Did you take an advance on future receivables..."

17.    A subsequent text message said "This is Lindner & Lindner…Do you have MCA's that are hurting your business…"

18.    At the time of the texts, Plaintiff's phone number ending in 8312 had been registered on the Federal DNC Registry since December 2021.

3

19.     Plaintiff emailed and mailed a request for Defendant's telemarketing policy, but did not receive a response.

20.     Plaintiff never consented to receive texts from Defendant. Plaintiff never heard of Defendant and had no relationship whatsoever with Defendant prior to this interaction.

21.     Defendant's texts violated Plaintiff's statutory rights and caused actual and statutory damages.

22.     In addition to causing statutory damages, the illegal texts caused annoyance, intrusion on privacy and seclusion, and wasted cell phone battery life and time to Plaintiff.

## CLASS ALLEGATIONS

23.     **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

> **TCPA Class**.  All persons in the United States who: (1) from the last 4 years to present (2) Defendant texted more than once in a 12-month period (3) whose telephone numbers were registered on the Federal DNC Registry for more than 30 days at the time.

24.     The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

25.     **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and

4

belief, Defendant sent texts to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

26.    **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited text messages.

27.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

28.    **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

29.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any

questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

     a.   Whether the texts were placed by Defendant;

     b.   Whether the texts promoted Defendant's services;

     c.   Whether Defendant obtained written express consent prior to the texts;

     d.   Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of Defendant's conduct.

     30.   **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

//

//

//

6

## FIRST CAUSE OF ACTION
### Violation of 47 U.S.C. § 227(c)
### DNC Provision
### (On behalf of Plaintiff and the DNC Class)

31.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

32.     The telephone numbers of Plaintiff and the Class are registered on the Federal DNC Registry.

33.     Defendant placed unsolicited texts Plaintiff's and the Class members' DNC-registered telephones without having their prior written consent to do so.

34.     Defendant's actions agents constitute violations of 47 U.S.C. § 227(c) of the TCPA, by making soliciting residential and wireless telephone numbers listed on the Federal Government's National DNC Registry. 47 C.F.R. § 64.1200(c)(2).

35.     Defendant's texts were made for the commercial purpose of selling their debt consolidation services.

36.     Plaintiff is entitled to an award of at least $500 in damages for each such violation (47 U.S.C. § 227(c)(5)(B)) or $1,500 if the violation is knowing or willful. 47 U.S.C. § 227(c)(5).

37.     Plaintiff also seeks a permanent injunction prohibiting Defendant from making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National DNC Registry.

## SECOND CAUSE OF ACTION
### Violation of § 64.1200(d)(1)
### Failure to Maintain Written Telemarketing Policy
### (On behalf of Plaintiff and the TCPA and DNC Classes)

38.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

39.     47 CFR 64.1200(d)(1) requires that Defendant maintains a written telemarketing policy.

7

40.     Defendant solicited Plaintiff and the class without maintaining a written telemarketing policy, resulting in violations against Plaintiff.

41.     On June 2, 2023, Plaintiff's attorney requested a copy of Defendant's telemarketing policy by email and U.S. Postal Mail but did not receive a response.

42.     Plaintiff is entitled to an award of at least $500 in damages for each such violation.  47 U.S.C. § 227(c)(5)(B).

43.     Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

44.     Plaintiff also seeks a permanent injunction requiring Defendant to maintain a written telemarketing policy.

**THIRD CAUSE OF ACTION**
**Violation of § 64.1200(d)(2)**
**Failure to Train Telemarketing Personnel**
**(On behalf of Plaintiff and the TCPA and DNC Classes)**

45.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

46.     47 CFR 64.1200(d)(2) requires that Defendant train their personnel engaged in telemarketing on the written policy and the existence of the DNC Policy.

47.     Defendant did not do so, resulting in violations against Plaintiff.

48.     Plaintiff's attorney requested a copy of Defendant's telemarketing policy, but did not receive a response.

49.     Plaintiff is entitled to an award of at least $500 in damages for each such violation.  47 U.S.C. § 227(c)(5)(B).

50.     Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

51.     Plaintiff also seeks a permanent injunction requiring Defendant to train their telemarketing personnel.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff ALEJANDRO VALLESILLO, individually and on behalf of the Class, prays for the following relief:

A.     An order certifying the Class as defined above, appointing Plaintiff as Class representative and appointing Plaintiff's counsel as Class Counsel;

B.     An order declaring that Defendant's actions, as set out above, violate the TCPA;

C.     An order declaring that Defendant's actions, as set out above, violate the TCPA willfully and knowingly;

D.     An order declaring that Defendant's actions, as set out above, violate 47 CFR § 64.1200(d)(1) and (2)

E.     An injunction requiring Defendant to cease all unlawful texts without first obtaining the recipients' express consent to receive such texts, and otherwise protecting interests of the Class;

F.     An award of actual damages and/or statutory fines and penalties;

G.     An award of reasonable attorneys' fees and costs; and

H.     Such other and further relief that the Court deems reasonable and just.


## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.


Dated: July 18, 2023                    Respectfully submitted,

                                        By: s/ Mark L. Javitch
                                            Bar Number: CA 323729
                                            Attorney for Plaintiff

Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, California 94401
Telephone: (650) 781-8000
Fax: (650) 648-0705
Email: mark@javitchlawoffice.com

*Attorneys for Plaintiff and the Putative Class*