IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALEJANDRO VALLESILLO, individually, and on behalf of those similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LINDNER & LINDNER, P.C.,<br><br>　　　　　Defendant. | Case No. 8:23-cv-000308-JFB-CRZ<br><br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendant Lindner & Lindner, P.C. ("Lindner & Lindner" or "Defendant") hereby respond as follows to the allegations contained in Plaintiff's Complaint:

## COMPLAINT

1.　　Defendant admits Plaintiff has filed the instant complaint and purports to assert a basis for a class action.  Defendant denies all other allegations in Paragraph 1 not specifically admitted herein.

## NATURE OF THE ACTION

2.　　Defendant admits it is a law firm that, among other things, provides services to its clients with respect to debt consolidation.  Defendant denies the remaining allegations in Paragraph 2 not specifically admitted herein.

3.　　Defendant denies the allegations of Paragraph 3 of the Complaint to the extent they are inconsistent with the Telephone Consumer Protection Act (the "TCPA") and states that the TCPA speaks for itself.  Defendant denies the remaining allegations in Paragraph 3.

4.　　Defendant lacks sufficient information to admit or deny the allegations of Paragraph 4 as the quoted language is not cited or otherwise identified and, therefore, denies same.

5.　　Defendant denies the allegations of Paragraph 5 of the Complaint to the extent they

are inconsistent with the TCPA and states that the TCPA speaks for itself.

6.      Defendant denies the allegations of Paragraph 6 of the Complaint to the extent they are inconsistent with the TCPA and states that the TCPA speaks for itself.

7.      The allegations in Paragraph 7 of the Complaint consist of legal conclusions, and therefore require no response.  To the extent a response is required, the allegations contained in Paragraph 7 of the Complaint are denied.

8.      The allegations in Paragraph 8 of the Complaint consist of a request for relief to which no response is required.  To the extent a response is required, Defendant denies Plaintiff is entitled to any relief, including, but not limited to, an injunction, an award of actual and statutory fines, and/or attorneys' fees.

**PARTIES**

9.      Defendant is without sufficient information to admit or deny the allegations of Paragraph 9 of the Complaint.

10.     Defendant admits Paragraph 10 of the Complaint.

**JURISDICTION AND VENUE**

11.     Defendant admits this Court has subject matter jurisdiction over this action.

12.     Defendant admits personal jurisdiction is proper in this Court but denies any "violating texts" were placed in this District by Defendant.

13.     Defendant admits venue is proper in this District, but denies any injury occurred to support Plaintiff's claims.

**COMMON FACTUAL ALLEGATIONS**

14.     Defendant admits it is a law firm that, among other things, provides services to its clients with respect to debt consolidation.

2

15.     Defendant denies the allegations in Paragraph 15 of the Complaint.

## FACTS SPECIFIC TO PLAINTIFF

16.     Defendant does not have sufficient knowledge to be able to admit or deny the allegations contained in Paragraph 16 of the Complaint and, therefore, denies the same.

17.     Defendant does not have sufficient knowledge to be able to admit or deny the allegations contained in Paragraph 17 of the Complaint and, therefore, denies the same.

18.     Defendant does not have sufficient knowledge to be able to admit or deny the allegations contained in Paragraph 18 of the Complaint and, therefore, denies the same.

19.     Defendant does not have sufficient knowledge to be able to admit or deny the allegations contained in Paragraph 19 of the Complaint and, therefore, denies the same.

20.     Defendant does not have sufficient knowledge to be able to admit or deny the allegations contained in Paragraph 20 of the Complaint and, therefore, denies the same.

21.     Paragraph 21 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies sending "illegal texts," breaching any of Plaintiff's rights, or causing any damages, statutory or actual.

22.     Defendant denies it is liable for any statutory damages or that it sent any illegal text messages.  Defendant does not have sufficient knowledge to be able to admit or deny the remaining allegations contained in Paragraph 22 of the Complaint and, therefore, denies the same.

## CLASS ALLEGATIONS

23.     Defendant admits the allegations in Paragraph 23 of the Complaint insomuch that Plaintiff purports to bring a putative class action; Defendant otherwise denies the allegations in Paragraph 23 of the Complaint, denies that a class action is appropriate, and denies that Plaintiff can meet the requirement of Rule 23 of the Federal Rules of Civil Procedure.

4879-4522-9174.1

24.     Defendant admits the allegations in Paragraph 24 of the Complaint insomuch that Plaintiff purports to bring a putative class action; Defendant otherwise denies the allegations in Paragraph 24 of the Complaint, denies that a class action is appropriate, and denies that Plaintiff can meet the requirement of Rule 23 of the Federal Rules of Civil Procedure.

25.     Defendant denies the allegations contained in Paragraph 25 of the Complaint, in particular Defendant denies that it sent "thousands" of text messages that violated the TCPA or that this matter is a proper or appropriate class action.

26.     Defendant denies the allegations contained in Paragraph 26 of the Complaint and that this matter is a proper or appropriate class action.

27.     Defendant denies the allegations contained in Paragraph 27 of the Complaint and that this matter is a proper or appropriate class action.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint and that this matter is a proper or appropriate class action.

29.     Defendant denies the allegations contained in Paragraph 29 of the Complaint and that this matter is a proper or appropriate class action.

30.     Defendant denies the allegations contained in Paragraph 30 of the Complaint, in particular that it engaged in any wrongdoing, and that this matter is a proper or appropriate class action.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(c)**
**DNC Provision**
**(On behalf of Plaintiff and the DNC Class)**

31.     Defendant incorporates the responses from all previous paragraphs as if fully set forth herein.

32.     Defendant does not have sufficient knowledge to be able to admit or deny the

4

allegations contained in Paragraph 32 of the Complaint and, therefore, denies the same.

33.     Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.     Paragraph 34 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies it violated the TCPA.

35.     Defendant admits it offers debt consolidation services to its clients but denies any text messages were sent in violation of the TCPA.

36.     Paragraph 36 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies it violated the TCPA or that Plaintiff is entitled to any damages.

37.     The allegations in Paragraph 37 of the Complaint consist of a request for relief to which no response is required.  To the extent a response is required, Defendant denies Plaintiff is entitled to any relief, including, but not limited to, an injunction, an award of actual and statutory fines, and/or attorneys' fees.

<u>SECOND CAUSE OF ACTION</u>
**Violation of § 64.1200(d)(1)**
**Failure to Maintain Written Telemarketing Policy**
**(<u>On behalf of the Plaintiff and the TCPA and DNC Classes</u>)**

38.     Defendant incorporates the responses from all previous paragraphs as if fully set forth herein.

39.     Paragraph 39 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant states the TCPA speaks for itself.

40.     Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41.     Defendant does not have sufficient knowledge to be able to admit or deny the allegations contained in Paragraph 41 of the Complaint and, therefore, denies the same.

42.     Paragraph 42 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies it violated the TCPA or that Plaintiff is entitled to any damages.

43.     Paragraph 43 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies it violated the TCPA or that Plaintiff is entitled to any damages.

44.     The allegations in Paragraph 44 of the Complaint consist of a request for relief to which no response is required.  To the extent a response is required, Defendant denies Plaintiff is entitled to any relief, including, but not limited to, an injunction, an award of actual and statutory fines, and/or attorneys' fees.

### THIRD CAUSE OF ACTION
**Violation of § 64.1200(d)(2)**
**Failure to Train Telemarketing Personnel**
**(On behalf of the Plaintiff and the TCPA and DNC Classes)**

45.     Defendant incorporates the responses from all previous paragraphs as if fully set forth herein.

46.     Paragraph 46 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant states the TCPA speaks for itself..

47.     Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.     Defendant does not have sufficient knowledge to be able to admit or deny the allegations contained in Paragraph 48 of the Complaint and, therefore, denies the same.

49.     Paragraph 49 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies it violated the TCPA or that

Plaintiff is entitled to any damages.

50.     Paragraph 50 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies it violated the TCPA or that Plaintiff is entitled to any damages.

51.     The allegations in Paragraph 44 of the Complaint consist of a request for relief to which no response is required.  To the extent a response is required, Defendant denies Plaintiff is entitled to any relief, including, but not limited to, an injunction, an award of actual and statutory fines, and/or attorneys' fees.

**PRAYER FOR RELIEF**

Defendant denies each and every allegation not admitted herein and further denies all claims and relief sought in the "Prayer for Relief" section of the Complaint

**AFFIRMATIVE DEFENSES**

1.     The Complaint, and each and every claim for relief asserted therein, fails to state a claim upon which relief may be granted.

2.     Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, laches, estoppel, and/or waiver.

3.     Plaintiff's claims are barred as the phone number at issue is a business-related phone number, not a residential phone number.

4.     Plaintiff's claims are barred as the phone number at issue has been improperly placed onto the Do Not Call list.

5.     Plaintiff's claims are barred because Defendant established and implemented, with due care, reasonable practices and procedures to prevent any violations of the TCPA.

6.     Defendant is not liable to Plaintiff or putative class members because Defendant

4879-4522-9174.1

acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

7.      To the extent any violation of the TCPA or FCC regulation occurred, it resulted from a bona fide error, notwithstanding procedures reasonably adapted and designed to avoid such errors, and, therefore, it was not willing or knowing.

8.      Plaintiff's claims are barred in whole or in part because Defendant had a good faith belief that Plaintiff consented to receive the text messages alleged in the Complaint and/or was not qualified to be on the Do Not Call list by virtue of its business use of the telephone number at issue.

9.      Plaintiff's damages, if any, are attributable to Plaintiff's own conduct, acts, or omissions, or the conduct, acts, or omissions of third parties.

10.     Plaintiff's putative class action claims are barred because Plaintiffs cannot satisfy the requirements to certify or maintain a class action under Federal Rule of Civil Procedure 23

11.     Plaintiff's alleged damages and Defendant's liability, if any, are incapable of proof on a class-wide basis.

12.     Defendant reserves the right to assert additional defenses, affirmative or otherwise or matters constituting grounds for dismissal or avoidance of the claims.  Out of an abundance of caution, and pending discovery, Defendant affirmatively pleads all affirmative defenses set forth under Rule 8(c) of the Federal Rules of Civil Procedure or other applicable rule or law.

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice; enter judgement in its favor; award all costs and attorneys' fees in connection with its defense of this action; and award any other and further relief as the Court finds just or proper or allowed by the pleadings.

4879-4522-9174.1

## **JURY DEMAND**

Defendant hereby demand a trial by jury in Omaha, Nebraska on all causes of action raised in Plaintiff's Complaint in Omaha, Nebraska.

Dated this 16th day of August, 2023.

LINDNER & LINDNER, P.C.
Defendant


By:  *s/ Edward M. Fox II*
    Victoria H. Buter #23841
    Edward M. Fox II #24601
    Kutak Rock LLP
    The Omaha Building
    1650 Farnam Street
    Omaha, NE  68102-2103
    (402) 346-6000
    (402) 346-1148
    edward.foxii@kutakrock.com
